### Jesse Rials *v.* State.

#### [62 South. 418.]

CRIMINAL LAW. *Appeal. New trial. Evidence.*

> The Supreme Court on appeal, when it reviews a case involving a question of the trial judge's decision on the facts presented upon the hearing of a motion for a new trial will take into consideration the fact that the trial judge saw the witnesses when testifying, their conduct and manner upon the stand, that he was in a position to weigh and determine the truthfulness of their testimony and will not disturb his findings unless he manifestly erred.

APPEAL from the circuit court of Pike county.
HON. D. M. MILLER, Judge.

Jesse Rials was convicted of incest and appeals.
The facts are fully stated in the opinion of the court.

*L. H. McGehee,* for appellant.

*Geo. H. Ethridge,* assistant attorney-general, for state.

Counsel on both sides filed elaborate briefs on the facts of the case.

Argued orally by *L. H. McGehee* for appellant and *Geo. H. Ethridge,* assistant attorney-general, for the state.

REED, J., delivered the opinion of the court.

Appellant was convicted on a charge of incestuous sexual intercourse with Orabel Rials, his daughter, who, according to the testimony, was then thirteen years old. The testimony of the daughter was clear and positive, and showed appellant's guilt. She was the only witness introduced by the state, except the justice of the peace before whom the charge was first made, who stated that

the appellant did not say anything when the charge was read to him, and that when the warrant for his arrest was read to him he just hung his head and hit, or dug, in the dirt with a hammer which he had in his hand. Orabel not only told of her father's unlawful acts, when she testified at the trial which resulted in his conviction, but also when the charge was made against him before the justice of the peace, and upon various occasions, and whenever the charge was being heard, and whenever she was interviewed relative thereto.

After appellant was convicted and sentenced by the court to the penitentiary for ten years, Orabel Rials told the judge that her testimony of her father's guilt was false, and said that it was another party who had intercourse with her which resulted in her pregnancy. Upon motion for new trial she was fully examined, and persisted in her statement that she had testified falsely in the trial, and that her father was not the guilty one. The man she charged with being the father of her child was married, of good moral reputation, unquestionable veracity, and high standing in the community where he resided.  He testified that he did not become acquainted with Orabel Rials until after her father's arrest, and denied having any improper relations with her.  It appears that Orabel had not been living with her mother, nor friendly with her, for a time before the trial of the case against her father.  After his conviction, and about the time she reported to the circuit judge that her testimony on the trial was false, she returned to live with her mother.

· After a careful hearing of the motion for a new trial and examination of a number of witnesses, the circuit judge overruled the motion.  In doing so he stated that in his opinion appellant was guilty; that he had not a shadow of doubt of appellant's guilt; that he considered that the verdict had been properly rendered in the case; that he had heard the testimony on two different occa-

sions, and had had conversations with the girl, Orabel; and he expressed in emphatic terms his belief that she told the truth upon the original hearing of the case. The trial judge saw the witnesses when they testified; he perceived their demeanor; their expressions, and all of their conduct and manner as witnesses were before him. He was in the position to weigh and determine the truthfulness of the testimony given. This court will take all this into consideration when it reviews a case like the present one, involving a question of the trial judge's decision on the facts presented upon the hearing of a motion for a new tiral. We cannot decide that the judge has erred.

The case is therefore

*Affirmed.*